IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

In re:

| | | |
|---|---|---|
| **BAYVIEW HOLDINGS, LLC** | ) | |
| | ) | **Case No. 09-72799** |
| **Debtor-in Possession** | ) | |
| | ) | **Chapter 11** |

## OBJECTION OF BANK OF FLOYD TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT

COMES now the Bank of Floyd (the "Bank"), a secured creditor of the Debtor, by counsel, and objects to the Debtor's Second Amended Disclosure Statement (the "Disclosure") on the following grounds:

1.      On November 2, 2009 (the "Petition Date"), Bayview Holdings, LLC (the "Debtor") filed in this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 09-72799 (the "Petition").

2.      The Bank is the holder of the Allowed Secured Claim designated as the "Class 1" claim in the Disclosure (the "Claim").

3.      The Claim is evidenced by that certain renewal promissory note dated June 28, 2009, payable to the Bank in the original principal sum of $2,571,287.35, which matured and became due and payable in full on January 28, 2010 (the "Note"). The Note is secured by that certain Deed of Trust dated June 28, 2007, which is recorded in the Clerk's Office of the Circuit Court for the County of Franklin, Virginia as Instrument 070006687, encumbering certain real property more particularly described therein (the "Deed of Trust"). Copies of the Note and Deed of Trust are attached to the Proof of Claim filed on behalf of the Bank in this case on September 14, 2010.

4.      The second paragraph of Section II.B.3. of the Disclosure states that the Bank of Floyd holds a first lien on lots in Baywatch Estates. This section of the Disclosure fails to state that the Bank is also the beneficiary of a first lien on Lot 10, Emerald Bay Estates, which is also owned by the Debtor.

5.      The sixth paragraph of Section II.B.3. of the Disclosure states that since the Petition Date, the Debtor has sold "approximately nine (9) lots in the ordinary course of business." The Bank is aware of the sale of only two (2) lots by the Debtor since the Petition Date.

6.      The final paragraph of Section II.B.3. of the Disclosure states that the Debtor believes "it has about $490,000.00 in equity in the lots." That amount of estimated equity is inconsistent with the $797,059.00 amount indicated in item 1 of Section IV.A. of the Disclosure. Additionally, that Section of the Disclosure Statement fails to list Lot 10, Emerald Bay Estates, as an asset of the Debtor.

7.      The second paragraph of Section IV.H. of the Disclosure inaccurately states that a recently received contract for the sale of a lot is the first of two required lot sales under the terms of its agreement with the Bank. The Debtor's agreement with the Bank, as outlined in Section V. of the Disclosure, requires that the Debtor sell two (2) lots during the twelve (12) month period immediately following the Effective Date, which is defined in the First Amended Plan of Reorganization in Section 1.25 as thirty (30) days following entry of the Confirmation order.

8.      The last paragraph of Section IV.H. of the Disclosure is inconsistent with the last paragraph of the summary of the Debtor's agreement with the Bank contained in Section V. of the Disclosure (the "Summary"), as set forth at the bottom of page 11. The last paragraph of the Summary is an accurate statement of the Bank's agreement with the Debtor.

2

9.      Section VI.E. of the Disclosure provides that all "penalties, default interest or late fees that may have accrued on any Claim prior to the Confirmation Date are disallowed." Under the terms of the documents evidencing the Claim (the "Loan Documents"), the Bank is entitled to assess late charges on payments that are not made as provided in the Loan Documents. Furthermore, the Bank has not agreed and will not agree to waive the assessment of late charges or any other rights or claims it has or may have under the Loan Documents.

Dated this 11th day of January, 2011.

Respectfully submitted,

BANK OF FLOYD

By: /s/ G. Harris Warner, Jr.
Of Counsel

G. Harris Warner, Jr.
(Virginia State Bar No. 30098)
**WARNER & RENICK, PLC**
P. O. Box 21584
4648 Brambleton Avenue, SW
Roanoke, Virginia 24018
        *Counsel for the Bank of Floyd*

3

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2011, a copy of the foregoing Objection of

Bank of Floyd to Debtor's First Amended Disclosure Statement was sent either electronically or by

first class mail, postage prepaid, upon Bruce E. Arkema, Esq. @ barkema@durrettebradshaw.com

and Kevin J. Funk, Esq. @ kfunk@durrettebradshaw.com , the Office of the U.S. Trustee, 210 First

Street, Suite 505, Roanoke, Virginia 24011, Bayview Holdings, LLC, 70 Homeplace Circle, Moneta,

Virginia 24121 and on the same date, I electronically filed said Objection with John W. L. Craig, II,

Clerk, United States Bankruptcy Court.

/s/ G. Harris Warner, Jr.
Of Counsel

4