IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

In re:

| | | |
|---|---|---|
| BAYVIEW HOLDINGS, LLC | ) | |
| | ) | Case No. 09-72799 |
| Debtor-in Possession | ) | |
| | ) | Chapter 11 |
| BANK OF FLOYD | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAYVIEW HOLDINGS, LLC | ) | |
| | ) | |
| Respondent. | ) | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION

COMES now the Bank of Floyd (the "Bank"), a secured creditor of the Debtor, by counsel, and objects to the Debtor's proposed First Amended Plan of Reorganization (the "Plan") on the following grounds:

1.   On November 2, 2009 (the "Petition Date"), Bayview Holdings, LLC (the "Debtor") filed in this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 09-72799 (the "Petition").

2.   The Bank is the holder of the only Allowed Secured Claim designated as the "Class 1" claim in the Plan (the "Claim") in the Debtor's Third Amended Disclosure Statement (the "Disclosure").

3.   The Claim is evidenced by that certain renewal promissory note dated June 28, 2009,

payable to the Bank in the original principal sum of $2,571,287.35, which matured and became due and payable in full on January 28, 2010 (the "Note"). The Note is secured by that certain Deed of Trust dated June 28, 2007, which is recorded in the Clerk's Office of the Circuit Court for the County of Franklin, Virginia as Instrument 070006687, encumbering certain real property more particularly described therein (the "Deed of Trust"). Copies of the Note and Deed of Trust are attached to the Proof of Claim filed on behalf of the Bank in this case on September 14, 2010.

4.  The real property encumbered by the Deed of Trust includes Lots 1, 2, 3, 8, 9, 10, 11, 15, 16, 17, 18, 22, Baywatch Estates, and Lot 10, Emerald Bay Estates, all located in the County of Franklin, Virginia (collectively the "Lots" or "Collateral").

5.  The fair market value of the Collateral as of May 2, 2011 totals $2,750,000.00, as established by appraisals prepared by First Choice Real Estate Appraisers, Inc. dated May 2, 2011. This sum is significantly less than the Debtor's estimated value of $3,425,000.00 set forth in Section IV.A. of the Disclosure.

6.  The outstanding balance due under the Note as of June 16, 2011 totals $2,476,884.82, with approximately $13,000.00 in interest accruing each month.

7.  The Debtor is also contingently indebted to the Bank under the terms of that certain letter of credit dated June 28, 2007, in the amount of $162,732.00 (the "Letter of Credit").

8.  As of January 31, 2011, the balance due of unpaid real estate taxes assessed against the Collateral totaled $70,809.18 (the "Taxes"), with interest and penalties continuing to accrue.

9.  The sum of the outstanding balance due under the Note, the Bank's exposure under the Line of Credit and the Taxes totals $2,710,425.90.

10. Additionally, the Bank will incur significant costs liquidating the Collateral.

11.     Accordingly, the Debtor effectively has no equity in the Collateral. As the Debtor is relying on equity in the Collateral, which is non-existent in this case, to fund its proposed Chapter 11 Plan (the "Plan"), the Plan is not feasible.

12.     Additionally, the success of the Plan depends entirely upon Debtor's ability to sell the lots that comprise the Collateral. Specifically, Debtor is required to sell two (2) lots during each twelve (12) month period following the Effective Date of the Plan in order for the Bank to consider renewal of the Note.

13.     In the twenty (20) months since the Petition Date, the Debtor has sold only one (1) lot, specifically, Lot 12, Baywatch Estates.

14.     Furthermore, Lots 8 and 9, Baywatch Estates, are currently listed for sale, as referenced in Section IV.H of the Disclosure. The listing prices are $299,000.00 and $399,000.00, respectively, which are significantly higher than their respective appraised values of $255,000.00 and $250,000.00, thereby diminishing the prospects for sale. That fact, coupled with the fact that only one of the Lots have been sold in the preceding twenty months, further indicates that the Plan is not feasible.

15.     Accordingly, the Bank is voting to reject the Plan.

WHEREFORE, the Bank of Floyd respectfully requests that confirmation of the Plan be denied and further requests that the Debtor's Petition be dismissed.

Respectfully submitted,

BANK OF FLOYD

By: /s/ G. Harris Warner, Jr.
Of Counsel

G. Harris Warner, Jr.
(Virginia State Bar No. 30098)
**WARNER & RENICK, PLC**
P. O. Box 21584
4648 Brambleton Avenue, SW
Roanoke, Virginia 24018
    *Counsel for the Bank of Floyd*

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2011, a copy of the foregoing Objection to Confirmation of Plan was sent either electronically or by first class mail, postage prepaid, upon Bruce E. Arkema, Esq. @ barkema@durrettebradshaw.com and Kevin J. Funk, Esq. @ kfunk@durrettebradshaw.com, the Office of the U.S. Trustee, 210 First Street, Suite 505, Roanoke, Virginia 24011, Bayview Holdings, LLC, 70 Homeplace Circle, Moneta, Virginia 24121, and on the same date, I electronically filed said Objection with John W. L. Craig, II, Clerk, United States Bankruptcy Court.

                                          /s/ G. Harris Warner, Jr.
                                          Of Counsel